# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LARRY GEORGE,

       Petitioner,

v.                                        Case No. 04-C-0941

JUDY SMITH, Warden,

       Respondent.

## ORDER DENYING PETITION UNDER 28 U.S.C. § 2254
## FOR WRIT OF HABEAS CORPUS

On September 27, 2004,[1] Larry George petitioned for a writ of habeas corpus pursuant to 28 U.S.C. §2254. The State responded to the petition[2] on December 10, 2004. For the reasons discussed below, the petition will be denied.

### I.     Standard for Granting Habeas Relief

A petition seeking a writ of habeas corpus may not be granted on any claim adjudicated on the merits in state court unless the decision "was contrary to, or involved an unreasonable application of, clearly established" United States Supreme Court precedent or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court decision is "contrary to" Supreme Court precedent if (1) the state court's conclusion is opposite from that of the Supreme Court on a question of law, or (2) the state court's decision on materially

---

[1] The court uses the date that George signed his habeas petition as the filing date pursuant to *Jones v. Bertrand*, 171 F.3d 499, 500-02 (7th Cir. 1999) (adopting the *Houston* mailbox rule for prisoners filing pro se habeas petitions, and holding that for statute of limitations purposes, a petition is deemed filed when given to the proper prison authorities, not when it is received by the district court clerk).

[2] The State's response admits that George has fully exhausted his state remedies and that his petition is timely, thus the court will not address these issues.

indistinguishable facts was different from that of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 405-06, 413 (2000).

A state court decision is an "unreasonable application" of Supreme Court precedent if the state court identified the correct governing legal principle but applied that principle to the facts of the case unreasonably. *Id.* at 407-09, 413. A federal court analyzing the "unreasonable application" prong "should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409. Further, a state court's factual determinations are presumed correct and a petitioner must rebut the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## II. George Failed to Meet the Standard for Habeas Relief

On February 1, 2001, a jury found George guilty of two counts of second-degree sexual assault by use of force and one count of false imprisonment. George was sentenced on August 13, 2001, to fifteen years imprisonment on one of the sexual assault counts and two years imprisonment on the false imprisonment count.[3] George remains incarcerated at the Oshkosh Correctional Institution.

George cites four[4] grounds in support of his petition. First, he asserts that the State failed to comply with its disclosure obligations under *Brady v. Maryland*, 373 U.S. 83 (1967). Second, he alleges that the court denied jurors the opportunity to make their own assessment of the victim's credibility because the trial court permitted a police officer to testify as to the veracity of the victim's story. Third, he contends that the State violated its own rape

---

[3] The judge imposed but stayed a fifteen year prison term for the second sexual assault conviction.

[4] Initially, George's petition stated five grounds for relief, however, this court's Rule 4 screening order dismissed one as a state claim which is not cognizable in a federal habeas proceeding.

-2-
Case 2:04-cv-00941-CNC    Filed 06/29/07    Page 2 of 11    Document 28

shield laws and the Confrontation Clause by asking the victim whether he was gay. Fourth, George claims that trial counsel failed to provide effective assistance.

### The *Brady* Issue

George maintains that the State failed to turn over a police report which contained conflicting statements, particularly the victim's trial testimony, contrary to the United States Supreme Court's mandate in *Brady v. Maryland*. *See Brady*, 373 U.S. at 87. According to George, the police report could have been used to impeach the victim at trial. In *Brady*, the Supreme Court held "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id.*

The Wisconsin Court of Appeals identified and applied this standard when reviewing George's appeal. In doing so, it found that the police report did not contain any exculpatory information because it did not contradict the victim's testimony at trial. *See State v. George,* 2004 WI App 149, ¶ 5, 275 Wis.2d 877 (Wis. Ct. App. 2004). The Court of Appeals described the police report as "containing information about George's prior threats and sexual assault of James M.S." *Id.* Considering this characterization, the Court of Appeals stated that the report "provided some additional detail of events that James M.S. alluded to during his testimony, establishing he was afraid of George because of previous intimidation involving weapons. Nothing in the police report contradicts that assertion." Therefore, the Court of Appeals held that the prosecution did not violate the *Brady* mandate by withholding the police report.

Given the Court of Appeals' assessment of the police report, this court cannot find that the prosecution violated *Brady*. Information in the report discussing George's prior

violent actions towards the victim cannot be construed as favorable to George. Therefore, the Wisconsin Court of Appeals decision is not contrary to, or involved an unreasonable application of, clearly established United States Supreme Court law nor is it based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

### The Evidentiary Issues

Two of George's claims are evidentiary. First, he contends that the State violated his due process right to a fair trial when the trial judge allowed a testifying police officer to comment on the veracity of the victim's story, but refused to allow George to introduce evidence regarding an administrative law judge's finding that the victim's story was incredible. Second, George asserts that the State violated his due process rights (and Wis. Stat. § 972.11(2)(b)) by allowing the prosecutor to ask the victim whether he was heterosexual.

The Wisconsin Court of Appeals did not identify or apply a federal standard during its analysis of these issues. Instead, it relied on Wisconsin case law and a Wisconsin statute.

The standard for federal review of state evidentiary issues is found in *Howard v. O'Sullivan*, 185 F.3d 721 (7th Cir. 1999).

> To be of constitutional import, an erroneous evidentiary ruling must be so prejudicial that it compromises the petitioner's due process right to a fundamentally fair trial. This means that the error must have produced a significant likelihood that an innocent person has been convicted. Indeed, because of this high standard, evidentiary questions are generally not subject to review in habeas corpus proceedings.

*Id.* at 723-24 (internal citations omitted). *See also Anderson v. Sternes*, 243 F.3d 1049, 1053 (7th Cir. 2001). However, before the court can reach the extent of any prejudice that may

have resulted from these evidentiary rulings, the court must determine whether the rulings were erroneous.

As mentioned above, George charges that the trial court's first evidentiary mistake was allowing a police officer to testify that the victim's story was substantiated, thereby usurping the jury's duty to decide the credibility of witnesses and evidence. In addressing this issue, the Wisconsin Court of Appeals relied on an evidentiary rule set forth in *State v. Haseltine,* 120 Wis.2d 92, 96 (Ct. App. 1989), to uphold the trial court's decision. *See State v. George,* 2004 WI App 149, ¶ 6. This case states that witnesses are prohibited from giving opinions regarding whether another witness's testimony is truthful. *See Haseltine,* 120 Wis.2d at 96. The federal courts follow an identical rule regarding the jury's role as factfinder. *See Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 625 (1991) (stating that "[s]hould either party to a cause invoke its Seventh Amendment right, the jury becomes the principal factfinder, charged with weighing the evidence, judging the credibility of witnesses, and reaching a verdict."); *Pennsylvania R.R. Co. v. Chamberlain*, 288 U.S. 333, 337-38 (1933); *United States v. Bonty*, 383 F.3d 575, 579 (7th Cir. 2004); *United States v. Toro*, 359 F.3d 879, 883 (7th Cir. 2004). Therefore, this court finds that the state court applied the correct standard when analyzing George's claim.

The Wisconsin Court of Appeals held that the police officer's testimony could not be reasonably seen as vouching for the victim's credibility. *See State v. George*, 2004 WI App. 149, ¶ 6. The appeals court wrote:

> The police officer who initially investigated the false imprisonment testified that James M.S. started to "clam up and became very reluctant to discuss the information with me." The officer concluded that James was evasive and referred the matter to the sensitive crimes unit: The officer stated that department policy required the officer to get the initial information "to determine...whether or not the individual is being forth right [sic]

> and then we contact the lieutenant who in turn reassigns the sexual assault investigation to a sensitive crimes investigator."

*Id.* Because this testimony could be taken in two ways, the Court of Appeals reasoned that the officer's testimony was not an opinion regarding the victim's credibility. *See id.* It stated that "[t]he officer's statement does not indicate whether the referral is made because the officer believes the complainant is forthright or, as here, because he did not believe the complainant was being totally honest." Id. Given this description of the police officer's testimony, this court cannot conclude that the trial court erred in admitting the testimony. Therefore, this court does not need to go further in analyzing George's claim that a police officer vouched for the victim's credibility.

During the criminal trial, in an apparent attempt to show that the victim did not consent to the alleged sexual contact, the prosecutor asked the victim if he was a heterosexual male at the time of the alleged assault and during his whole lifetime. *See* Answer to Pet., Ex. B at 17. The victim answered in the affirmative. *Id.* The prosecutor then used this testimony in his closing argument to buttress his contention that the victim did not consent to participate in the sex acts. *Id.*

George alleges that asking the victim whether he was heterosexual violated Wisconsin's rape shield law, Wis. Stat. § 972.11(2)(b). This statute states that "...any evidence concerning the complaining witness's prior sexual conduct or opinions of the witness's prior sexual conduct and reputation as to prior sexual conduct shall not be admitted into evidence during the course of the hearing or trial."

The Wisconsin Court of Appeals held that the prosecutor's question asked for the victim's orientation inasmuch as it inquired whether he was heterosexual. *See State v. George*, 2004 WI App. 149, ¶ 7. The court distinguished this orientation related question from

an improper question asking the victim about his prior sexual conduct or reputation. *Id.* First, the court notes that Wisconsin's rape shield law protects victims of sexual assaults rather than those accused of the assaults. Second, George's claim regarding the prosecutor's alleged violation of the Wisconsin rape shield law is solely an issue of state law and is not cognizable in a federal habeas corpus proceeding. Therefore, this court will go no further in analyzing this claim.

### The Confrontation Clause Issue

The alleged violation of the Wisconsin rape shield statute is not the only claim that George raises regarding the prosecutor's question and the victim's answer. George asserts a confrontation clause violation because he "was not allowed to present evidence of a gay relationship [the victim] had to impeach him." Pet. at 8. However, because George failed to assert clearly to the Wisconsin Court of Appeals a confrontation clause violation, that court did not identify the standard for review of the claim or analyze the claim.

> The *Sixth Amendment* right of confrontation requires that a defendant be given an opportunity for effective cross-examination. The right to cross-examine is not unlimited; the *Confrontation Clause* guarantees only effective cross-examination, not cross-examination of any type sought by the defendant. Trial courts have wide latitude to impose reasonable limits on ... cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness's safety, interrogation that is repetitive or only marginally relevant."

*U.S. v. Romero*, 469 F.3d 1139, 1149-50 (7th Cir. 2006) (emphasis in original) (internal citations and quotation marks omitted). Furthermore, "[t]he Supreme Court has said that 'a criminal defendant states a violation of the *Confrontation Clause* by showing that he was prohibited from engaging in otherwise appropriate cross-examination designed to show a prototypical form of bias on the part of the witness.'" *U.S. v. Saunders*, 166 F.3d 907, 919

(7th Cir. 1999) (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 680 (1986)) (emphasis in original).

Turning to analysis of the issue, the court finds very significant that George had the opportunity to cross-examine the victim, even if he did not cross-examine the victim about the alleged prior homosexual relationship. Moreover, he was not "prohibited from engaging in otherwise appropriate cross-examination," as the proposed area of questioning would have been in admissible because the victim is protected from such questions about his prior sexual conduct by Wisconsin's rape shield law.[5] For these reasons, the Wisconsin Court of Appeals decision is not contrary to, or involved an unreasonable application of, clearly established United States Supreme Court law nor is it based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

### The Ineffective Assistance of Counsel Issue

Finally, George contends that he was denied effective assistance of counsel at trial. He states: "I was denied effective asst. of counsel. This was my attorney's very 1st trial; wasn't certified; he failed to obtain records; failed to interview witnesses; failed to get me a deal for my cooperation; many, many more." Pet. at 8. Although it is unclear what George means when he says "many, many more," he brought all other complaints regarding his counsel's performance quoted above in his briefs to the Wisconsin Court of Appeals. *See* Answer to Pet., Ex. B at 18-22.

In analyzing George's ineffective assistance of counsel claim, the Wisconsin Court of Appeals identified and applied the correct standard. The standard, announced by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), requires

---

[5] In fact, because of the nature of the questions George wanted his trial counsel to pose, this is not even a constitutional confrontation issue. For that reason, the portion of this claim that can be construed as an ineffective assistance of counsel argument will be addressed later in this decision.

a petitioner to show that his/her counsel's performance was deficient and that he/she was prejudiced as a result of the deficient performance. *See id.* at 687.

The Wisconsin Court of Appeals held that all of George's ineffective assistance of counsel claims failed to satisfy *Strickland's* stringent test. *See State v. George*, 2004 WI App. 149, ¶¶ 9-13. According to the Court of Appeals, although George may have desired a more experienced defense attorney, his trial counsel's performance was not deficient. *See id.* at ¶ 11. Moreover, the Court of Appeals stated that trial counsel's lack of state public defender certification did not establish that defense counsel performed deficiently or that George was prejudiced by any deficiency. *See id.* at ¶ 13.

George does not specify which witnesses should have been called in his habeas petition. However, in the brief filed in the Wisconsin Court of Appeals he mentions various witnesses. Unfortunately for George, neither his brief filed in the Wisconsin Court of Appeals nor his habeas petition, identifies what most of these witnesses would have testified if called or how he was prejudiced by his counsel's failure to call/interview these witnesses.

The Wisconsin Court of Appeals decision does not address these complaints individually, nor did the trial court's decision on the record. However, the Court of Appeals held that because George failed to call the appropriate witnesses at the post-conviction hearing on his ineffective assistance of counsel claim and did not illicit the testimony he claimed was exculpatory, "it would be pure speculation to conclude that his defense was prejudiced by his counsel's failure to present their testimony." *Id.* at ¶ 10. Moreover, the Court of Appeals found that George's trial counsel addressed his complaints at the *Machner*[6] hearing on the issue and held that the "decisions constituted reasonable strategic choices"

---

[6] *State v. Machner*, 92 Wis.2d 797 (Ct. App. 1979).

by counsel. *Id.* at ¶ 11. Because it is at its center a strategy call[7] not to attempt to introduce irrelevant and inadmissible evidence, this court finds that trial counsel's decisions not to attempt to impeach the victim and not to call the witness who allegedly would have testified to having a gay relationship with the victim were reasonable strategic decisions which were not prejudicial to George.

Because the record is devoid of information regarding what the additional witnesses would have testified or how George was prejudiced by his counsel's failure to call/interview those witnesses, this court is unable to conclude that the Wisconsin Court of Appeals decision was incorrect or unreasonable.

Further, George does not specify in his petition what records trial counsel should have obtained, nor what deal trial counsel failed to get him. In addition, the Court of Appeals did not make specific holdings regarding these claims. However, the Court of Appeals held that "these and many other specific complaints raised in George's brief were substantially inconsequential and do not undermine this court's confidence in the outcome." *Id.* In other words, the Court of Appeals deemed George's counsel's performance sufficient and that any deficiency in his performance did not result in prejudice.

Considering the record in this case, this court is not persuaded that George's trial counsel performed deficiently, nor that George was prejudiced by his trial counsel's performance. Therefore, this court finds that the Wisconsin Court of Appeals decision is not contrary to, or involved an unreasonable application of, clearly established United States Supreme Court law nor is it based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. For these reasons,

---

[7] A prudent strategy call in this court's opinion.

**IT IS ORDERED** that George's petition for a writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 28th day of June, 2007.

BY THE COURT:

s/Charles N. Clevert, Jr.
C. N. CLEVERT, JR.
United States District Judge